UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

        Petitioner,

                                        Case Number 12-12326

v.                                          Honorable David M. Lawson

MITCH PERRY,

        Respondent.

_____/

## ORDER DENYING MOTION FOR BAIL

Petitioner Thomas J. DeLazzer, presently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for a writ of habeas corpus in this Court challenging a prison disciplinary violation and state conviction for prison escape for which he was sentenced to three to five years imprisonment in the Jackson County, Michigan circuit court in 1997. On June 29, 2012, the petitioner filed a motion for bail.

The United States Court of Appeals for the Sixth Circuit has stated that to admitteed to bail pending a decision in a federal habeas case,

> prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S.Ct. 3, 5; 13 L.Ed.2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, the circumstances in which bail might be granted based on the mere filing of a habeas petition are rare and exceptional. Neither adjective describes the present case.

The petitioner asserts that he should be granted bail pending the resolution of this case due to "delays and other factors outside the scope of [his] control." Having reviewed the matter, the Court is not persuaded that the interests of justice require the petitioner's release on bond pending the resolution of his habeas petition. This is particularly so since the petitioner appears to be serving time on sentences that are unrelated to the judgment he is challenging in his petition for a writ of habeas corpus, including a term of four to thirty years imprisonment for bank robbery. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=223589 (last visited July 10, 2012).

Accordingly, it is **ORDERED** that the petitioner's motion for bail [dkt. #6] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 17, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2012.

s/Deborah Tofil
DEBORAH TOFIL