UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

        Petitioner,

                                      Case Number 12-12326

v.                                      Honorable David M. Lawson

MITCH PERRY,

        Respondent.

_____/

**ORDER DENYING MOTION TO STAY**

      Petitioner Thomas J. Delazzer filed a *pro se* petition for writ of habeas corpus on August 18, 2011 alleging that he is unconstitutionally confined at the Newberry Correctional Facility in Newberry, Michigan because of a judgment of conviction entered by a Michigan judge. He invoked 28 U.S.C.§ 2254 to challenge a conviction and sentence for prison escape following his plea of guilty in the Jackson County, Michigan circuit court. On February 2, 2012, the petitioner filed a motion to correct or change his petition to delete the reference to section 2254 and instead to seek relief under 28 U.S.C. § 2241. The Court denied the petitioner's motion on February 17, 2012. After attempting to appeal the Court's decision, the petitioner voluntarily withdrew his petition for a writ of habeas corpus, and the Court dismissed the petition without prejudice.

      On May 29, 2012, the petitioner again filed a petition for a writ of habeas corpus. This time, the petitioner invoked 28 U.S.C. § 2241. On July 10, 2012, the Court entered an order requiring a response to the petition. The order also construed the petition as having been brought pursuant to 28 U.S.C. § 2254 for the same reasons that the petitioner's motion to amend was denied in the previous case. On July 23, 2012, the petitioner filed notice of appeal as to the Court's July 10, 2012 order construing his petition as one brought under 28 U.S.C. § 2254. On the same date, the

petitioner filed a motion requesting that the Court stay the proceedings in this Court pending his appeal to the Sixth Circuit.

In determining whether to issue a stay of proceedings pending appeal, the Court must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Griepentrog*, 945 F.2d at 153).

The petitioner seeks to appeal an order that does not constitute a final dismissal ending litigation on the merits in this case. As the Sixth Circuit has noted, the courts of appeals lacks jurisdiction over an appeal where the district court's ruling is not a final decision. *Swanson v. DeSantis*, 605 F.3d 829, 831 (6th Cir. 2010). In the context of a petition for a writ of habeas corpus, "[a] typical 'final decision []' . . . would include orders granting or denying petitions on the merits." *Id*. at 832 (quoting 28 U.S.C. § 1291). The order that the petitioner seeks to appeal does not either grant or deny the petition; indeed, it does not address the merits of the petition at all. Instead, the petitioner's appeal "is the epitome of a request for interlocutory relief" over which the court of appeals does not normally have jurisdiction. *Ibid*. Nor is the court of appeals likely to find that it has jurisdiction under the collateral order doctrine. The Court's orders do not "resolve important questions separate from the merits" and are not "effectively unreviewable," as that doctrine requires. *Id*. at 833. Accordingly, the petitioner's prospects of success on the merits of the appeal are remote.

Further, as the Court has explained previously, the relief the petitioner seeks, and the denial of which he seeks to appeal, would have no practical effect on the Court's consideration of his petition. Therefore, there is no reason to believe that the petitioner will be irreparably harmed absent a stay. Finally, while there is likely little prospect that others will be harmed should the Court grant a stay, the public interest would not be served by granting the stay, since prompt disposition of claims better advances the general welfare than does delay in disposition. In light of these facts, the Court finds that there is no grounds to stay the proceedings pending the petitioner's Sixth Circuit appeal.

Accordingly, it is **ORDERED** that the plaintiff's motion to stay the proceedings pending appeal in the Sixth Circuit [dkt. #10] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 7, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL

---