UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

        Petitioner,

                                              Case Number 12-12326
v.                                                       Honorable David M. Lawson

MITCH PERRY,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Michigan prisoner Thomas J. DeLazzer has filed a *pro se* petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary violation and state court guilty-plea conviction for prison escape for which he was sentenced to three to five years imprisonment by the Jackson County Circuit Court in 1997. The petitioner claims that the "Fifth Amendment doctrine of collateral estoppel" should have barred his criminal conviction because he had already been subject to a hearing and prison discipline for his escape. The petitioner's habeas papers also appear to contain a challenge to his sentence, although he does not list those issues as claims for relief. The respondent has filed an answer to the petition and as a motion to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d)(1). The Court now concludes that the petition is untimely, and the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will grant the motion to dismiss and dismiss the petition.

I.

The petitioner was convicted for walking away from a state corrections facility in Jackson, Michigan on May 17, 1996. The petitioner was arrested and returned to state custody on July 24, 1996. The petitioner says that he was subject to prison discipline for escape following a hearing by an administrative law judge shortly after his arrest. He also was charged criminally with prison escape. On March 25, 1997, the petitioner pleaded guilty to prison escape. On May 1, 1997, he was sentenced to three to five years imprisonment, to be served consecutively to his other sentences. The petitioner did not pursue a direct appeal of his prison escape conviction in the state courts.

On March 4, 2010, the petitioner filed a "Motion to Reverse and Purge Record Based on Jurisdictional Defects" in the state trial court. The court construed the motion as a petition for a writ of habeas corpus and denied relief on March 12, 2010. The petitioner then filed a complaint for habeas corpus in the Michigan Court of Appeals, which was denied. *People v. DeLazzer*, No. 297876 (Mich. Ct. App. Sept. 8, 2010) (unpublished). The petitioner attempted to pursue an appeal in the Michigan Supreme Court, but his papers were rejected as untimely on October 25, 2010.

On August 18, 2011, the petitioner filed an initial habeas petition in this Court challenging the same conviction, which was dismissed without prejudice following his "Notice of Immediate Withdrawal." *DeLazzer v. Perry*, No. 11-13613, 2012 WL 1584554 (E.D. Mich. May 4, 2012). The petitioner signed his current petition on May 23, 2012 and it was filed by the clerk on May 29, 2012. The respondent filed an answer to the petition contending that it lacks merit and has moved to dismiss the petition arguing that the petition is untimely. The petitioner has filed a response to those papers asserting that his petition is meritorious and he is entitled to habeas relief.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the prescribed time period must be dismissed. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

In this case, the petitioner was sentenced on May 1, 1997 and did not file a direct appeal. Consequently, his conviction and sentence became final on May 1, 1998 when the one-year period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(F)(3) (1995) (imposing a 12-month time frame for late appeal); *see also Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court

can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the time for seeking state court review expires); *Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Therefore, the petitioner was required to file his habeas petition in federal court on or before May 1, 1999, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The petitioner did not file his post-conviction motion, which was construed as a petition for a writ of habeas corpus, in the state trial court until March 4, 2010. Therefore, the one-year period expired well before he sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The petition is untimely.

The petitioner does not contend that the State created an impediment to a timely filing, that his claims are based upon newly-discovered facts, or that his claims arise from newly-created rights recognized by the United States Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D). Therefore, he is not entitled to statutory tolling of the one-year limitations period.

The Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has stated that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

The petitioner does not assert that he is entitled to equitable tolling of the one-year period. The fact that he is untrained in the law, may have been proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated pro se petitioner" does not excuse late filing); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Additionally, because the petitioner's prison escape conviction and sentence became final in 1998, the petitioner did not pursue a direct appeal in the state courts, and he did not institute his state habeas action until 2010, it cannot be said that he diligently pursued his claims. The petitioner is not entitled to equitable tolling under *Holland*.

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year limitations period. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The petitioner makes no such showing; indeed, he states in his reply to the respondent's motion that he "openly admits/expressed" his guilt. Pet.'s Reply at 2. The petitioner's belief that his criminal prosecution was improper does not warrant equitable tolling. Moreover, his guilty plea belies an actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D. N.Y. 2003) (same). His habeas petition is untimely and must be dismissed.

### III.

The Court concludes that the petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d). The Court further concludes that the petitioner has not established that he is entitled to statutory or equitable tolling of the one-year limitations period. The

Court therefore will grant the respondent's motion to dismiss and dismiss the habeas petition as untimely.

Accordingly, it is **ORDERED** that the respondent's motion to dismiss is **GRANTED** and that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 28, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 28, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL